UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MELLONE,<br><br>  Petitioner,<br><br>  v.<br><br>MIKE BADCOCK,<br><br>  Respondent. | No. 2:13-cv-1037 AC P<br><br>ORDER and<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

  Petitioner is a federal prisoner who proceeds pro se on this application for relief under 28 U.S.C. § 2241. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). <u>See</u> 28 U.S.C. §§ 1914(a); 1915(a).

  The court has undertaken a preliminary review of the petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules") (made applicable to this proceeding by Habeas Rule 1(a)). The court finds that it lacks subject matter jurisdiction to review the petition because petitioner, among other things, admits that he has failed to exhaust his available remedies, and because certain claims are barred under 28 U.S.C. § 2244. Accordingly, the undersigned will recommend that the petition be summarily dismissed.

  Petitioner claims that he is currently at the Federal Correctional Institution at Herlong, serving a 30 month sentence imposed in February 2010 by the United States District Court in Miami. <u>See</u> Petition, ECF No. 1 at 1. Petitioner claims that, as part of his negotiated plea

agreement, he was to serve six months in a halfway house. Id.  Petitioner does not provide the court with a copy of the plea agreement.  He appears to claim that he has not been placed in a halfway house, or that he has been denied consideration "for placement into residential re-entry, home detention program or early release for the six-months of his thirty month sentence." Id. at 2; see also id. at 6, 10.

Petitioner also appears to allege that the Bureau of Prisons ("BOP") has incorrectly calculated his good-time credits, or that they have incorrectly withheld credits from him, or that petitioner's good-time credits were forfeited wrongfully after a disciplinary infraction. Id. at 4.

Petitioner also advises the court that he previously filed a motion to vacate his sentence under 28 U.S.C. § 2255, in the Southern District of Florida. Id.  The prior petition was apparently denied after counsel was appointed for petitioner, though petitioner does not say when. Id. Petitioner claims that his motions to reopen, and for a certificate of appealability, have been denied, but again does not say when. Id.

**Successive Claims are Barred under 28 U.S.C. § 2244**

Petitioner claims that he filed a prior motion to vacate his conviction and sentence in his sentencing court.  To the extent petitioner seeks relief from this court of the sentencing court's decision on his § 2255 motion, this court should decline to exercise jurisdiction over the application. See, e.g., Treadway v. Academy of Motion Picture Arts and Sciences, 783 F.2d 1418, 1422 (9th Cir. 1986).  Moreover, all claims that were raised, or that could have been raised, before the sentencing court in the prior petition, should be barred as successive. See 28 U.S.C. § 2244(b).

Accordingly, the undersigned recommends that Grounds One, Four, and Eight be dismissed without prejudice to renewal after petitioner complies with 28 U.S.C. § 2244(b)(3).

**Petitioner's Remaining Claims are Not Exhausted, and are Vague**

Section 2241 does not specifically require petitioners to exhaust administrative remedies before filing petitions for writ of habeas corpus; however, the Court of Appeals for the Ninth Circuit, in which this district is located, requires "as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241."

Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001).

Petitioner admits that he has failed to exhaust his available administrative remedies, and claims that because his time is short, he should be excused from doing so. He also claims that he has been advised not to file further paperwork with the BOP. Petition, ECF No. 1 at 1 ("due to facts, based on the 'time' petition has remaining is short, and because of being advised not to file any more (BOP) forms or administrative requests, (Nature to be fully disclosed at latter [sic] time in court!)"); see also id. at 7.

The difficulty with this petition is that petitioner fails to advise the court of the relevant details surrounding the denial of his housing request. For example, the court cannot determine from petitioner's conclusory statements how petitioner requested a change in housing, when the request was denied (and by whom), and the reasons for the denial. Petitioner also fails to include any details about his good time credit calculations, or the disciplinary which he argues resulted in loss of credits.

The court in this case is unable to determine the reasons for petitioner's allegedly unconstitutional detention. Even if petitioner's claims were exhausted, the court would be constrained to dismiss them as vague. Accordingly, the undersigned recommends that Grounds Two, Three, Five, and Six be dismissed without prejudice to renewal after petitioner has exhausted his available administrative remedies.

**Petitioner's "Judicial Notice" Claim**

Ground Seven, entitled "Judicial Notice," generally reads that the constitutional rights and welfare of prisoners at Herlong are being violated. Petitioner fails to specify if he is among the prisoners whose rights are being violated.

Petitioner is advised that, if he wishes to pursue a claim that his constitutional rights have been violated by a federal employee, he must do so in a civil rights complaint filed pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Petitioner does not have standing to raise these claims because he has alleged no injury to his own rights or person. See Valley Forge Christian College v. Americans United for Separation of Church and State, 454 U.S. 464, 472 (1982) (party who invokes court's authority must "show

that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant..."); Johns v. County of San Diego, 114 F.32d 874, 876 (9th Cir. 1997) ("[C]onstitutional claims are personal and cannot be asserted vicariously."), citing U.S. v. Mitchell, 915 F.2d 521, 526 n.8 (in asserting outrageous conduct of government as defense, defendant has no standing "to raise the rights of others whose rights may have been violated....).

In addition, petitioner may not bring a civil rights action on behalf of other inmates. As a non-attorney, plaintiff may appear pro se on his own behalf, but that privilege is personal to him. C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 697 (9th Cir.1987).

The undersigned recommends that Ground Seven be dismissed without prejudice to the filing of an appropriate civil complaint.

Accordingly, IT IS HEREBY ORDERED that a district judge be assigned to this action, and

IT IS HEREBY RECOMMENDED that the petition be summarily dismissed, pursuant to Habeas Rule 4, without prejudice, for the reasons outlined above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-eight days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within twenty-eight days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 3, 2013

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb/mell1037.114

4